22200

David HUDSON, Respondent, v. Dingus MARTIN and Regina M. Martin, Appellants.

(324 S. E. (2d) 69)

Supreme Court

578

*Marion O. Hanna,* Columbia, *for appellants.*

*John E. Cheatham,* Lexington, *for respondent.*

Heard Oct. 31, 1984.

Decided Dec. 14, 1984.

GREGORY, Justice:

This case arises from a dispute over the ownership and possession of a parcel of real estate. Initially, appellants brought an action in magistrate's court to evict respondent. The eviction was granted.[1]

After Hudson was evicted, he filed a summons and complaint in the circuit court. The complaint alleged that the Martins had breached a contract with Hudson to sell the disputed property. He also filed several notices of *lis pendens* against the property.

The complaint was filed January 18, 1982, and amended May 5, 1982. Five notices of *lis pendens* were filed between September 30, 1981 and June 15, 1982. Nothing was served on appellants until July 16, 1982. On June 14th, the Martins had filed a notice of special appearance to dismiss the complaint and the notices of *lis pendens*.

---

[1] The order of eviction was sustained by the circuit court, and affirmed by this Court pursuant to Supreme Court Rule 23.

A hearing on appellants' motions was held on July 23rd. The trial judge denied the motions on the grounds that: (a) the seven month delay in service did not render service invalid; (b) the magistrate had no jurisdiction to rule on the earlier case because this case involved a land sale rather than a landlord-tenant matter; and (c) Supreme Court Rule 41 did not operate to stay this matter pending resolution of the appeal from magistrate's court. This appeal followed.

Appellants assert that the seven month delay between filing and serving of the complaint invalidated service of process. This contention is without merit. Circuit Court Rule 26 has no such limitation; therefore, this exception is overruled.

A second basis for dismissal was that Supreme Court Rule 41 precluded the circuit court from acting in this case. Rule 41 prevents a lower court from acting on a matter that has been appealed to the Supreme Court.

The issues in the cases were virtually identical; therefore, it would appear that Rule 41 did preclude the circuit judge's action. Any error, however, was harmless because the magistrate's court appeal has now been concluded rendering any stay under Rule 41 inoperative.

Though Rule 41 is inoperative at this point, nothing will preclude appellants from raising the defense of *res judicata* on remand.

The final issue is whether the trial judge erred in ruling that the magistrate's court was without jurisdiction. This ruling was gratuitous and premature. Nothing in the record supports such a holding. The order of the trial judge is reversed on this issue.

Therefore, we affirm in part; reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.